# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs April 19, 2011

## STATE OF TENNESSEE v. ZACHARY HARRISON

**Appeal from the Circuit Court for Moore County**
**No. 1085      Robert G. Crigler, Judge**

---

**No. M2010-02503-CCA-R3-CD - Filed June 13, 2011**

---

The defendant, Zachary Harrison, appeals the order of the trial court revoking his probation and ordering that he serve the balance of his sentence in confinement. He argues that the trial court should have instead reinstated his probation because he made a genuine effort to comply with the rules of his probation and his violations were due to factors beyond his control. Following our review, we affirm the judgment of the trial court. However, we remand for entry of corrected judgments to reflect that the defendant pled guilty to Count 4 of the indictment, rather than Count 2, and that Count 2 was dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded for Entry of Corrected Judgments**

ALAN E. GLENN, J., delivered the opinion of the Court, in which J.C. MCLIN and CAMILLE R. MCMULLEN, JJ., joined.

Gregory D. Smith, Clarksville, Tennessee (on appeal); and A. Jackson Dearing, III, Assistant Public Defender (at hearing), for the appellant, Zachary Harrison.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Charles Frank Crawford, Jr., District Attorney General; and Hollynn Eubanks, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

On April 25, 2008, the Moore County Grand Jury returned a six-count indictment charging the defendant with aggravated statutory rape, especially aggravated sexual exploitation of a minor, and four counts of aggravated sexual exploitation of a minor. On

October 24, 2008, the defendant pled guilty to aggravated sexual exploitation of a minor, a Class C felony, in exchange for a Range I sentence of four years and six months, with nine months to serve day-for-day, followed by release to supervised probation. In accordance with the terms of the plea agreement, the remaining counts of the indictment were dismissed. Earlier on October 14, 2008, the defendant had pled guilty in the Bedford County Circuit Court to statutory rape, for which he was sentenced to one year and eight months, suspended after service of ninety days in the county jail. Accordingly, the trial court ordered that the sentence in the Moore County case be served concurrently to the sentence in the Bedford County case.

A probation violation warrant was subsequently issued on the defendant alleging that he had violated the terms of his probation by, among other things, having tested positive for marijuana. On February 19, 2010, the defendant pled guilty in the Moore County Circuit Court to the violation of his probation and was ordered by the trial court to serve sixty days in the Lincoln County Jail before being placed back on probation.

Subsequent probation violations were filed in July and October of 2010 alleging that the defendant had violated the terms of his probation by, among other things, failing to report to his probation officer as instructed, failing to notify his probation officer before changing his residence or employment, and failing to attend his scheduled sex offender treatment program and pay required fees, which had led to his expulsion from the program.

At the October 29, 2010 probation revocation hearing, Dr. Donna Moore, the psychologist who led the defendant's sex offender treatment program, testified that the defendant was scheduled to attend weekly group therapy sessions and monthly individual sessions. The defendant initially appeared as scheduled for his group therapy sessions but then missed nine sessions, which she did not count against him, during the period he was in jail on his probation revocation. He resumed treatment as scheduled following his release from jail, but then had unexcused absences on May 6, May 13, and May 20. He returned for sessions on May 27, June 3, June 10, and June 17, which was the final time she saw him. She said that the defendant also failed to pay his treatment fees, which were part of his signed treatment contract.

On cross-examination, Dr. Moore testified that the defendant did not call her after missing the May 6 session but called and left a message, stating that he had had car trouble, sometime after the May 13 session. She said she contacted him and told him that he needed to be in treatment, but he then failed to show for the May 20 session. Dr. Moore stated that the defendant was aware that two unexcused absences were grounds for dismissal from the program.

Charles Brannan, the defendant's supervising probation officer, testified that in addition to the defendant's missed sex offender treatment sessions, the defendant changed his residence and his employment without prior notice or permission, in violation of the rules of his probation and the sex offender registry. On cross-examination, he testified that he never received any message from the defendant stating that he had moved.

The defendant acknowledged that he missed the May 6, May 13, and May 20 treatment sessions with Dr. Moore but claimed that he called to explain each absence. According to his testimony, approximately fifteen minutes before his May 6 session was scheduled to begin he left a message on Dr. Moore's answering machine stating that he was stuck in traffic and would be unable to attend. On May 14, he called and spoke directly to her to explain that he had missed the previous day's session due to a flat tire. Finally, on May 20 he called and left a message stating that he would be unable to make the session because his car had overheated and broken a radiator belt as he was en route to the session. He stated that when Dr. Moore returned his call the next day he asked if he needed to schedule a makeup session, and she told him that he did not. The defendant further testified that he called and left a message with his probation officer informing him of his change of employment. He said he also left a message to inform him that he was about to move from his mother's to his father's house but never heard back, which led him to believe that the move was approved.

At the conclusion of the hearing, the trial court revoked the defendant's probation and ordered that he serve the balance of his sentence in confinement.

## ANALYSIS

The sole issue the defendant raises on appeal is whether the trial court abused its discretion by not returning him to probation. His essential argument is that his violations of probation were not serious enough to justify the trial court's ordering him to serve his sentence in confinement because his failure to keep his weekly treatment sessions with his psychologist were "for reasons beyond his control" and he made good-faith efforts to inform his probation officer of his changes in residence and employment.

A trial court is granted broad authority to revoke a suspended sentence and to reinstate the original sentence if it finds by the preponderance of the evidence that the defendant has violated the terms of his or her probation and suspension of sentence. Tenn. Code Ann. §§ 40-35-310, -311 (2010). The revocation of probation lies within the sound discretion of the trial court. State v. Shaffer, 45 S.W.3d 553, 554 (Tenn. 2001); State v. Harkins, 811 S.W.2d 79, 82 (Tenn. 1991); State v. Stubblefield, 953 S.W.2d 223, 226 (Tenn. Crim. App. 1997); State v. Mitchell, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). To show an abuse of

discretion in a probation revocation case, "a defendant must demonstrate 'that the record contains no substantial evidence to support the conclusion of the trial judge that a violation of the conditions of probation has occurred.'" State v. Wall, 909 S.W.2d 8, 10 (Tenn. Crim. App. 1994) (quoting State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980)). The proof of a probation violation need not be established beyond a reasonable doubt, but it is sufficient if it allows the trial court to make a conscientious and intelligent judgment. Harkins, 811 S.W.2d at 82 (citing State v. Milton, 673 S.W.2d 555, 557 (Tenn. Crim. App. 1984)).

Upon a finding that a violation has occurred, the trial court may, in its discretion, either: (1) order incarceration; (2) order that the original entire probationary period begin anew; or (3) extend the probationary period by up to two years. See State v. Hunter, 1 S.W.3d 643, 644 (Tenn. 1999); see also Tenn. Code Ann. §§ 40-35-310, -311(e), -308(c) (2010).

In its determination that the defendant was not a suitable candidate to be returned to a probationary sentence, the trial court found that the defendant was an intelligent man, that he was aware of the rules of probation and his treatment program, and that he committed clear violations by his failures to comply with the notice provisions of his probation and to attend the scheduled treatment sessions with his psychologist. The court also observed that it was not the defendant's first probation revocation in the case and that the defendant apparently had another probation revocation in a different case. The trial court's ruling states in pertinent part:

> Okay. Well, as far as meeting with Dr. Moore, either you are there or you are not. I understand there is such a thing as an excuse, but the program, which -- the defendant is an intelligent person. It is obvious from hearing him testify. He said he understood this contract, that you get expelled after you miss two meetings. And he missed two, and then he -- they are consistent, and they talk with one another after that. And she didn't expel him after missing two, but the third week, he didn't come for that week either.
>
> At some point, it just becomes too convenient to have problem after problem after problem.
>
> . . . .
>
> Perhaps if this was the first violation, something less than full service of the balance of the sentence would be appropriate, but he has been revoked once before in this case. It looks like he has also been revoked in another case.

-4-

So he has . . . already been revoked in Bedford County, so I am going to revoke him to serve the balance in this case.

We conclude that the trial court did not abuse its discretion in revoking the defendant's probation and ordering that he serve the balance of his sentence in confinement. As the trial court noted, the defendant had already been revoked and returned to probation following an earlier violation of his probation in the case. Despite being given a second chance, he committed further violations of his probation. Moreover, his claims that he left timely messages with Dr. Moore and Charles Brannan, explaining each of his missed treatment sessions and seeking permission for his changes in residence and employment, were contradicted by the testimony of those witnesses, who denied having received such messages. As such, we affirm the judgment of the trial court.

The defendant points out that the judgment sheet for his underlying conviction contains a typographical error listing the conviction offense as a violation of Tennessee Code Annotated section 39-17-1005, rather than 39-17-1004. We note, however, that while the guilty plea agreement states that the defendant is to plead guilty to Count 4, with the remaining counts dismissed, the judgment form reflects that his guilty plea was to Count 2. We, therefore, remand to the trial court for corrected judgments in Counts 2 and 4 to reflect that Count 2 was dismissed and that the defendant pled guilty to Count 4, aggravated sexual exploitation of a minor, a violation of Tennessee Code Annotated section 39-17-1004.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the order of the trial court revoking the defendant's probation and ordering that he serve the balance of his sentence in confinement. We, further, remand for entry of corrected judgments in Counts 2 and 4 to reflect that Count 2 was dismissed and that the defendant pled guilty to Count 4.

_____
ALAN E. GLENN, JUDGE

-5-